UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE JAMES JONES, #226909, ) | |
| Plaintiff, ) | |
| ) | No. 1:21-cv-41 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| SHERRY BURT, *et al.*, ) | |
| Defendants. ) | |
| ) | |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND GRANTING IN PART MOTION TO DISMISS

Plaintiff Willie Jones, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed this lawsuit alleging violations of his civil rights based on the MDOC's response to the COVID-19 pandemic. Defendants filed a motion to dismiss. (ECF No. 19.) The Magistrate Judge issued a report recommending the Court conclude that Defendants are entitled to qualified immunity. (ECF No. 29.) Plaintiff filed objections. (ECF No. 30.) The Court will adopt the report and recommendation in part.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1. The Magistrate Judge recommends the Court not grant the motion to dismiss to the extent Defendants seek dismissal for the failure to state a plausible claim.  (R&R at 6 pageID.29.)  No party objects to this recommendation.

2. Qualified Immunity

The Magistrate Judge recommends finding that Defendants are entitled to qualified immunity for each of the claims.  Neither party disputes the applicable law concerning qualified immunity.  Because of the Magistrate Judge's first recommendation and because neither party objects to the Magistrate Judge's summary of the law for qualified immunity, the only question for this motion to dismiss is whether the constitutional right was clearly established at the time of the alleged violation such that a reasonable officer would know his or her conduct violated the right.

Important here, the Sixth Circuit has considered an Eighth Amendment claim in the context of a prison's response to COVID-19.  In their motion to dismiss, Defendants outline the elements of an Eighth Amendment claim and cite and discuss the facts and the holding in *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), an opinion addressing the Federal Bureau of Prison's response to COVID-19 at the Elkton Federal Correctional Institution in Ohio.  In that opinion, the Sixth Circuit found that the district court erred in granting a preliminary injunction and addressed the likelihood that the plaintiffs would succeed on the merits of their Eighth Amendment claim.  Specifically, the court found that the plaintiffs likely could not satisfy the subjective prong of an Eighth Amendment claim because the Bureau of Prison's response to the risk that COVID-19 posed to prisoners was reasonable.  *Id.* at 840-41.

A. Isolation/Housing/Lockdown

Defendants characterize Plaintiff's first claim as arising from the failure to isolate a prisoner after the prisoner was tested for COVID-19. (ECF No. 20 at 15-16 PageID.145-46.). Defendants argue that "Plaintiff does not allege that any of the individual Defendants made the decision not to isolate a prisoner awaiting test results. . . . Plaintiff cannot provide a case showing that prison Wardens or other supervisors are liable for the decisions of their subordinates related to COVID-19 housing placements." (*Id.* at 16 PageID.146.)

The Magistrate Judge concludes that Warden Burt, Deputy Warden Stewart, Shift Commander King, and Shift Commander Hall are supervisory employees and that none of the four defendants made the decision not to isolate prisoner Shannon after Shannon took a COVID-19 test. (R&R at 9 PageID.200.)

Plaintiff objects. Plaintiff explains that he did plead specific individual action for each of these four defendants.

The Court agrees with Plaintiff and declines to dismiss this particular claim on the basis of qualified immunity. Defendants' short description of Plaintiff's pleading is misleading. Defendants address only one of multiple allegations supporting this first claim. Plaintiff did plead that MDOC failed to isolate the prisoner before learning whether the prisoner tested positive or negative. But, that is not the only basis for Plaintiff's first claim. The bulk of the factual allegations for the first claim describe the allegedly inadequate response *after* the prisoner's test results came back. Plaintiff argues that Burt and Stewart failed to use isolation areas for prisoners who tested positive "as well as those under investigation for the virus and those who have had close contact with known positive covid-

19 individuals." (ECF No. 1 Complaint at 4 PageID.4.) Plaintiff goes on to plead a number of problems with the manner in which Defendants responded to the situation after MDOC learned that the prisoner's test results were positive. Plaintiff specifically alleges that Defendants Burt and Stewart ordered Defendants Hall and King to lockdown housing units in a manner that was insufficient for the situation. (*Id.* at 5-6 PageID.5-6; at 8 PageID.8.) For this first claim, Defendants' *only* argument is a lack of case law for respondeat superior in the context of COVID-19. Because Plaintiff does not rely on a theory of respondeat superior, Defendants are not entitled to qualified immunity on the first claim.

### B. Meal Time

Plaintiff's second claim arise from the seating arrangements for meals. The Magistrate Judge recommends finding that Defendants are entitled to qualified immunity. Plaintiff has not identified any legal authority supporting the argument that prison officials violate the Eighth Amendment by seating two inmates at a four-person table with less than six feet of social distancing between them.

Plaintiff does not object to this recommendation.

### C. Staff Screening

The Magistrate Judge recommends dismissing the third claim because it was directed against Defendant Washington who has already been dismissed from the lawsuit.

Plaintiff does not object to this recommendation.

For these reasons, the Court **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation. (ECF No. 29.) The Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss. (ECF No. 19.)

**IT IS SO ORDERED.**

Date:   August 9, 2022                                   /s/  Paul L. Maloney
                                                                                                      Paul L. Maloney
                                                                                                      United States District Judge