UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE JONES, #226909, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:21-cv-41 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| SHERRY BURT, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Willie Jones, a prisoner under the control of the Michigan Department of Corrections, alleges Defendants violated his civil rights based on their response to the COVID-19 virus. Defendants filed a motion for summary judgment (ECF No. 39). The Magistrate Judge issued a report recommending the Court grant the motion (ECF No. 54). Plaintiff filed objections (ECF No. 55). The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate finds that Defendants were not personally involved in the allegedly unconstitutional conduct. The Magistrate Judge also finds that the law was not clearly established and Defendants are, therefore, entitled to qualified immunity. Plaintiff objects.

1. Plaintiff objects to the finding that the record lacks evidence "to support Jones' claim that defendants Burt, Steward, Hall and King had personal involvement in identifying positive COVID-19 prisoners, tracing the close contacts of those prisoners, and determining which prisoners to quarantine" (ECF No. 54 at 12 PageID.697). The Court overrules Plaintiff's objection. The Magistrate Judge found that the healthcare staff members were responsible for the conduct giving rise to Plaintiff's claims. The Magistrate Judge also found that Defendants, as administrative and custodial staff members, were not personally responsible for the conduct of which Plaintiff complains. The Magistrate Judge identifies the evidence supporting those findings. In his objection, Plaintiff identifies other conduct that might contribute to the spread of the COVID-19 virus. But, Plaintiff has not established how these Defendants, in their administrative and supervisory roles, were personally involved in the other conduct such that they can be held liable under the Eighth Amendment.

2. Qualified Immunity

    A. Disputed Facts. The Magistrate Judge addresses one the seven disputed facts set forth by Plaintiff as a reason to deny summary judgment. The Magistrate Judge finds that the record does not support Plaintiff's claim that Defendants waited six days before conducting close contact tracing and isolation. Plaintiff objects and relies on a spreadsheet produced in discovery that indicates one prisoner tested positive on July 22. The Court overrules the objection. Defendants identify multiple evidentiary concerns about the

document, none of which Plaintiff addresses. And, Plaintiff has not demonstrated that any named defendant was aware of a positive test before July 25.

B. Clearly Established Law. The Magistrate Judge concludes that in July 2020, the law was not clearly established such that Defendants would have known that their response to the COVID-19 epidemic violated Plaintiff's rights. The Magistrate Judge relies on an unpublished district court opinion from the Western District of Michigan finding a lack of clearly established law. Plaintiff objects. The Court overrules the objection. Plaintiff cites an unpublished opinion from the Eastern District of Michigan finding that the law was clearly established. In the Court's view the different conclusions by different district judges reinforces the conclusion that the law was not clearly established at the time of the events giving rise to Plaintiff's claims.

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 54) and **GRANTS** Defendants' motion for summary judgment (ECF No. 39). **IT IS SO ORDERED.**

Date:   March 22, 2024                                          /s/  Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge